# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH HEYWARD** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 20-530 |
| | : | |
| **HOMICIDE DET. JOHN HARKINS** | : | |
| **AND OFFICER JOHN TAGGART,** *et* | : | |
| *al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                                         **June 22, 2021**

Congress requires we screen *in forma pauperis* complaints and dismiss claims if we determine the plaintiff fails to state a claim on which relief may be granted. We today dismiss with prejudice claims brought by *pro se* prisoner Joseph Heyward proceeding *in forma pauperis* in his second amended Complaint against the City of Philadelphia, former District Attorney Seth Williams, former Assistant District Attorney Carlos Vega, Assistant District Attorney Barbara Paul, his attorney James Berardinelli, and the Honorable Benjamin Lerner. But we allow his civil rights claims alleging personal involvement in alleged due process violations by Lieutenant Thomas Macartney, Detective Lynch, Sergeant Crosby, Officer Stark, Detective Harkins, and Officer John Taggart to proceed. The Clerk of Court shall issue summons for the new parties Lieutenant Macartney, Detective Lynch, Sergeant Crosby, and Officer Stark. We will now proceed on Mr. Heyward's second amended Complaint.

**I.    Alleged *pro se* facts.**

A Philadelphia house fire in October 2001 killed one person and injured six others including a Philadelphia fireman.[1] The Philadelphia Fire Department determined arson caused the fire after finding liquid accelerant and a cigarette lighter on the first floor of the house.[2] Philadelphia Police Detective John Harkins investigated the fire, interviewing several witnesses

who reported seeing Mr. Heyward flicking a lighted cigarette toward the house before leaving the area.[3] Mr. Heyward admitted "[f]loor debris, carpeting and a cigarette lighter were recovered and submitted for analysis that very same night."[4] He does not tell us what type of analysis the police conducted on these items.

Police obtained a warrant for Mr. Heyward's arrest and, while being questioned, Mr. Heyward confessed to using a cigarette lighter to start the fire to Detective Harkins.[5] Mr. Heyward then pleaded guilty in state court to murder, arson, risking a catastrophe, and aggravated assault.[6] The Philadelphia County Court of Common Pleas convicted him of second degree murder, arson, and six counts of aggravated assault.[7] The Honorable Benjamin Lerner of the Philadelphia County Court of Common Pleas court sentenced Mr. Heyward to life imprisonment without parole.[8]

Mr. Heyward moved the state court for forensic DNA testing fifteen years later under Pennsylvania law.[9] Mr. Heyward intended to demonstrate his actual innocence of the crimes to which he pleaded guilty through DNA testing of the lighter and other physical evidence. Over a year later, the Philadelphia Police Department's Evidence Custodian Unit advised the Philadelphia District Attorney's Office the lighter could not be located.[10] The Police Department records confirmed Officer John Taggert once had custody of the lighter but the Evidence Custodian Unit never received it.[11] Attorney James Berardinelli, Mr. Heyward's court-appointed Post Conviction Relief Act ("PCRA")[12] counsel, advised Mr. Heyward the lighter sought to be DNA tested could not be located by the Philadelphia Police Department.[13]

Mr. Heyward filed a civil rights action in the United States District Court for the Western District of Pennsylvania against the City of Philadelphia and the Philadelphia Police Department on October 7, 2019. He alleged loss of the lighter deprived him of the ability to DNA test it, violating his Eighth Amendment rights, procedural due process, constituted a *Brady*[14] violation,

2

"government interference," and a miscarriage of justice.[15] The court granted Mr. Heyward's petition for leave to proceed *in forma pauperis* and transferred his case to us as the proper venue. We screened Mr. Heyward's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed it without prejudice to Mr. Heyward filing a new case only in the event the state court reversed, vacated, or otherwise invalidated his conviction.[16]

Mr. Heyward then filed this case on January 30, 2020, alleging the City, the Philadelphia Police Department,[17] Detective Harkins, and Officer Taggart deprived him of his due process rights under the Fifth and Fourteenth Amendments by losing the lighter used in the crimes preventing him from testing the DNA on the lighter.[18] We dismissed Mr. Heyward's complaint against Detective Harkins and Officer Taggart for violating his civil rights because he failed to allege their personal involvement in the alleged due process violation.[19] We dismissed municipal liability claims against the City for failing to identify a custom or policy depriving him of procedural due process.[20] We allowed Mr. Heyward leave to file an amended complaint if he could allege personal involvement by Detective Harkins and Officer Taggart and the City's custom or policy depriving him of procedural due process.

Mr. Heyward filed an amended complaint.[21] He again sued the City, Detective Harkins, and Officer Taggart alleging equal protection and procedural due process claims. We dismissed without prejudice the equal protection claim and municipal liability claim against the City, but allowed him to proceed on the procedural due process claims against Detective Harkins and Officer Taggart.[22]

We held an initial pretrial conference with the parties and entered a scheduling order. Mr. Heyward moved to amend our scheduling order to allow him additional time to add defendants

with knowledge regarding the lighter.²³ We granted his Motion to amend solely to allow him additional time to move for leave to amend based on later produced discovery upon good cause.²⁴

Mr. Heyward did not move to amend. He instead filed a second amended Complaint alleging several state actors have policies and procedures to "make evidence go away" by falsifying property receipts used in criminal prosecutions and post-conviction DNA testing in violation of his procedural due process rights under 42 U.S.C. § 1983.²⁵ He adds the City, former District Attorney Williams, former Assistant District Attorney Vega, Assistant District Attorney Paul, his PCRA counsel Attorney Berardinelli, Judge Lerner, and Philadelphia Police officers Lieutenant Macartney, Detective Lynch, Sergeant Crosby, and Officer Stark.²⁶ He again named Detective Harkins and Officer Taggart as defendants.

## II.    Analysis

Congress, in section 1915(e), requires we "dismiss [a] case at any time if [we] determin[e] that … the action … fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief." ²⁷

We may dismiss a complaint *sua sponte* under section 1915(e)(2)(B)(iii) on immunity grounds where it is clear on its face a party is immune from suit.²⁸ Whether a complaint fails to state a claim under section 1915(e)(2)(B)(ii) is governed by the same standard for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).²⁹ "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."³⁰ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged."³¹ "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do … Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

4

enhancement.'"³² We construe Mr. Heyward's second amended Complaint liberally because he is an imprisoned *pro se* litigant.³³

> **A.   We dismiss Mr. Heyward's claim against the City and individual defendants in their official capacities.**³⁴

We explained in our memoranda granting the City's Motion to dismiss the Complaint and amended Complaint the requirements to sufficiently plead a section 1983 municipal liability claim against the City.³⁵ Under the Supreme Court's decision in *Monell v. New York City Department of Social Services*, a municipality like the City is not liable for the unconstitutional acts of its employees under a *respondeat superior* theory.³⁶

In *Monell*, the Supreme Court held only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."³⁷ "A government policy or custom can be established in two ways. Policy is made when a 'decisionmaker possess[ing] final authority to establish a municipal policy with respect to the action' issues an official proclamation, policy, or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanently and well-settled' as to virtually constitute law."³⁸

To satisfy the pleading standard, Mr. Heyward "must identify a custom or policy, and specify what exactly that custom or policy was."³⁹ The established custom or policy "must be the 'moving force' behind the injury alleged."⁴⁰ Mr. Heyward must "also allege that the policy or custom was the 'proximate cause' of his injuries."⁴¹ Mr. Heyward "may do so by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation he alleges."⁴²

Mr. Heyward alleges "[d]efendants engaged in illegal policies, orders, commands and procedures to 'make the evidence go away' by falsification of property receipts that are used in court prosecutions and post-conviction DNA proceedings to identify evidence and chain of custody of evidence."[43] He baldly alleges the City is liable for the loss of the lighter "pursuant to [its] custom, and/or official policy of 'making evidence go away.'"[44] This is the sum of his allegations regarding the City's custom or policy. Mr. Heyward fails to plead facts of a municipal custom or policy or a decisionmaker with "final authority to establish a municipal policy" or a "course of conduct … so permanently and well-settled as to virtually constitute law." It is "insufficient … for a plaintiff to merely state the 'phraseology' of an alleged policy or custom if the allegations are unaccompanied by supporting facts" and "[c]onclusory and general claims that simply paraphrase Section 1983 will not satisfy federal pleading requirements because they 'fail[] to satisfy the 'rigorous standards of culpability and causation' required to state a claim for municipal liability.'"[45]

Mr. Heyward has now filed three complaints attempting to allege *Monell* liability against the City. We twice explained the deficiencies in Mr. Heyward's claim against the City based on *Monell* liability. Mr. Heyward failed to cure these deficiencies. We will not grant him leave to amend and will dismiss his claims against the City.

Mr. Heyward also asserts legally meritless claims against Assistant District Attorney Paul, his PCRA counsel Attorney Berardinelli, Judge Lerner, and Philadelphia Police officers Lieutenant Macartney, Detective Lynch, Sergeant Crosby, Officer Stark, Detective Harkins, and Officer Taggart in their official capacity. Official capacity claims against individuals "generally represent only another way of pleading an action against an entity of which an officer is as agent" and, "in all respects other than name, [are] treated as a suit against the entity."[46] Because Mr. Heyward's

claims against the City fail, his official capacity claims fail. Mr. Heyward's official capacity claims are dismissed.

### B. We dismiss Mr. Heyward's claims against Mr. Williams, Mr. Vega, Assistant District Attorney Paul, Judge Lerner, and Attorney Berardinelli in their individual capacity.

Mr. Heyward asserts his claims against Mr. Williams, Mr. Vega, Assistant District Attorney Paul, Judge Lerner, and Attorney Berardinelli in their individual capacities. We dismiss these claims with prejudice.

*Judicial immunity applies to claims against Judge Lerner.*

Judge Lerner is entitled to absolute immunity from civil rights claims based on acts taken in his judicial capacity as long as he did not act in the "clear absence of all jurisdiction."[47] Mr. Heyward complains of rulings made by Judge Lerner and an alleged failure to address the Police Department's "falsification" of property receipts.[48] The challenged actions are functions performed by Judge Lerner in Mr. Heyward's state criminal trial. Judicial immunity applies to Judge Lerner and we dismiss claims against him.[49]

*Prosecutorial immunity applies to Messrs. Williams and Vega and*
*Assistant District Attorney Paul.*

Mr. Heyward alleges former District Attorney Williams "has actual knowledge about the lighter and it's [sic] location before it became unavailable (lost)" and former Assistant District Attorney Vega, responsible for prosecuting Mr. Heyward in 2002, had similar knowledge.[50] He alleges Mr. Williams and Mr. Vega "were familiar with" the alleged custom or policy to "make evidence go away" through falsified property receipts.[51]

Messrs. Williams and Vega, as former prosecutors, and current Assistant District Attorney Paul are entitled to absolute immunity from civil rights liability for acts performed in a judicial or quasi-judicial role.[52] Their immunity extends to acts "intimately associated with the judicial phase

7

of the criminal process."[53] Immunity does not extend to administrative duties and investigatory functions unrelated to the initiation of prosecution or judicial proceedings.[54] Whether a prosecutor is entitled to absolute immunity turns on whether he or she functioned "as the state's 'advocate' while engaging in the alleged conduct" giving rise to the constitutional violation."[55]

In *Yarris*, our Court of Appeals held conduct by assistant district attorneys who allegedly deliberately destroyed exculpatory evidence is not related to a prosecutor's prosecutorial function and, therefore, absolute immunity does not apply.[56] Mr. Heyward does not allege Messrs. Williams and Vega or Assistant District Attorney Paul deliberately destroyed exculpatory evidence. He alleges only these individuals were "familiar" with the alleged custom or policy of the Philadelphia Police Department to "make evidence go away."

Mr. Heyward alleges Assistant District Attorney Paul "fabricated" the condition of the lighter to Mr. Berardinelli, Mr. Heyward's PCRA counsel, during the post-conviction DNA proceeding. But this allegation is belied by Mr. Heyward's earlier Declaration attaching December 2019 correspondence from the Philadelphia Police Department's Lieutenant Macartney to Assistant District Attorney Paul advising her the Department's records show the lighter was last placed on properly receipt in Officer Taggart's custody and never received at the Evidence Custodian Unit.[57] There is no allegation Assistant District Attorney Paul destroyed the lighter. We dismiss claims against Assistant District Attorney Paul.

### *Attorney Berardinelli is not a state actor.*

Court-appointed counsel, Attorney Berardinelli, represented Mr. Heyward in his post-conviction motion for DNA testing of the lighter.[58] Mr. Heyward brings a civil rights claim against Attorney Berardinelli. He may bring a civil rights claim against a person acting under color of state

law who deprives him of his constitutional rights.[59] He must show a defendant acted under color of law.[60]

Mr. Heyward alleges Attorney Berardinelli "fabricated vital information" during a hearing and "[was] so used to [the City's] customs and/or unofficial policies" of "making the evidence go away," he never questioned the Police Department's alleged falsification of the property receipt on the lighter.[61] Our Court of Appeals prescribes three broad tests to determine whether state action exists: (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."[62]

Court-appointed attorneys do not act under color of state law when performing functions as a private attorney.[63] Mr. Heyward must allege some action "fairly attributable" to the state.[64] He fails to do so here. We dismiss his claims against Attorney Berardinelli.

### C. Mr. Heyward sufficiently alleges a civil rights claim against Lieutenant Macartney, Detective Lynch, Sergeant Crosby, Officer Stark, Detective Harkins, and Officer Taggart in their individual capacities.

We concluded Mr. Heyward plead a procedural due process claim under *Arizona v. Youngblood* against Detective Harkins and Officer Taggart over seven months ago.[65] Mr. Heyward now adds: Lieutenant Macartney of the Police Department's Evidence Custodian Unit, alleging he falsified property receipts and chose not to disclose key information about the location of the lighter in correspondence to Assistant District Attorney Paul;[66] Detective Lynch, crime scene investigator, who recovered the lighter from the scene for testing and, like Detective Harkins, directs officers to "obscure the source of recovered physical evidence" by falsifying property

9

receipts, instructing officers at the crime scene to lie about the location of evidence, and then conspires with the District Attorney's Office to further the "making the evidence go away" scheme;[67] Sergeant Crosby, crime scene investigator, alleging knowledge of the lighter's location, falsifying property receipts, and lying about the location of the lighter;[68] and Officer Stark, crime scene investigator, alleging knowledge of the lighter's location, falsifying property receipts, and lying about the location of the lighter.[69]

As we explained in our December 23, 2020 memorandum, we accept Mr. Heyward's allegations as true and draw all reasonable inferences in his favor. Applying this well-settled standard, Mr. Heyward plausibly states a claim against the additional officers under *Youngblood*. We allow Mr. Heyward's claims against the individual officers to go forward for reasons more fully explained in our December 23, 2020 memorandum.

### III. Conclusion

We dismiss the claims against the City of Philadelphia, Judge Lerner, former District Attorney Seth Williams, former Assistant District Attorney Carlos Vega, Assistant District Attorney Barbara Paul, and attorney James Berardinelli. We allow Mr. Heyward's amended claims against defendants Lieutenant Thomas Macartney, Detective Lynch, Sergeant Crosby, Officer Stark, Detective Harkins, and Officer John Taggart to proceed.

---

[1] ECF Doc. No. 52 ¶¶ 15–17.

[2] *Id.* ¶ 18.

[3] *Id.* ¶¶ 20–21.

[4] *Id.* ¶ 19.

[5] *Id.* ¶¶ 22–28.

10

[6] *Commonwealth v. Heyward*, No. CP-51-CR-1001841-2002 (Phila. Ct. of Common Pleas) ("docket entries"). The docket entries show Mr. Heyward pleaded guilty to these crimes.

[7] ECF Doc. No. 52 ¶ 31.

[8] *Id.* ¶¶ 8, 32.

[9] *Id.* ¶ 34. Our December 23, 2020 memorandum addressing the City of Philadelphia, Detective Harkins, and Officer Taggart's motion to dismiss provides a fulsome analysis of Pennsylvania's post-conviction DNA testing statute. *See Heyward v. City of Phila.*, --- F. Supp. 3d ---, No. 20-530, 2020 WL 7640926, at *2–*3 (E.D. Pa. Dec. 23, 2020).

[10] ECF Doc. No. 52 ¶ 35.

[11] ECF Doc. No. 13 at 6 (using the pagination assigned by the CM/ECF docketing system).

[12] 42 PA. CONS. STAT. ANN. § 9541, *et seq.*

[13] ECF Doc. No. 13 at 5-6.

[14] Under *Brady v. Maryland*, 373 U.S. 83 (1963), the United States in a criminal prosecution "must disclose evidence that is (1) material to either guilt or punishment and (2) favorable to the accused." *United States v. Bansal*, 663 F.3d 634, 670 (3d Cir. 2011) (citing *United States v. Bagley*, 473 U.S. 667, 674 (1985)). "A *Brady* violation occurs if the government does not turn over such evidence and its failure to do so causes prejudice to the defendant." *Bansal*, 663 F.3d at 670 (quoting *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).

[15] *Heyward v. City of Phila.*, No. 19-288 (W.D. Pa.).

[16] *See Heyward v. City of Phila.*, No. 19-5469, ECF Doc. No. 14.

[17] On March 4, 2020, we dismissed the Philadelphia Police Department with prejudice because it is not a proper defendant under 42 U.S.C. § 1983. ECF Doc. No. 9 at ¶ 6, n.2.

[18] The state court did not reserve, vacate, or otherwise invalidate Mr. Heyward's conviction. He still filed a new complaint at No. 20-530.

[19] ECF Doc. Nos. 14, 15.

[20] *Id.*

[21] ECF Doc. No. 20.

[22] ECF Doc. Nos. 23, 24.

[23] ECF Doc. No. 47.

[24] ECF Doc. No. 48.

[25] ECF Doc. No. 52 ¶ 37.

[26] ECF Doc. No. 52. Mr. Williams and Mr. Vega are sued in their individual capacities. The remaining individual defendants are sued in their individual and official capacities. *Id.* ¶¶ 4–14.

[27] 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

[28] *McDeavitt v. McCarthy*, 767 F. App'x 365, 367 (3d Cir. 2019) (citing *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002)).

[29] *Bush v. Doe*, No. 20-2968, 2021 WL 2328347, at *2 n. 4 (3d Cir. June 8, 2021) (citing *Tourscher v. McCollough*, 184 F.3d 236, 240 (3d Cir. 1999)).

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[31] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[32] *Id.* (citing *Twombly*, 550 U.S. at 555-57).

[33] *Higgs v. Attorney Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[34] Viewing Mr. Heyward's second amended Complaint as a motion for leave to amend, the City objects to the re-alleged *Monell* claim against it. ECF Doc. No. 53. The City argues it successfully filed two motions to dismiss the *Monell* claim and Mr. Heyward fails to plead new allegations to state such a claim.

[35] ECF Doc. Nos. 14, 23.

[36] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[37] *Id.* at 694.

[38] *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted); *see also Estate of Roman v. City of Newark,* 914 F.3d 789, 798 (3d Cir. 2019) (defining "policy" and "custom").

[39] *McTernan*, 564 F.3d at 658 (citation omitted).

[40] *Lesher v. Zimmerman*, 822 F. App'x 116, 121 (3d Cir. 2020) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 397 (1997)).

[41] *Roman*, 914 F.3d at 798 (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).

[42] *Roman*, 914 F.3d at 798 (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

[43] ECF Doc. No. 52 ¶ 37.

[44] *Id.* ¶ 60.

[45] *Round v. City of Philadelphia*, No. 19-3515, 2020 WL 2098089, at *9 (E.D. Pa. May 1, 2020) (quoting *Saleem v. Sch. Dist.*, No. 12-3193, 2013 WL 5763206, at *3 (E.D. Pa. Oct. 24, 2013) and *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014)).

[46] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell*, 436 U.S. at 690, n. 55).

[47] *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation and footnote omitted).

[48] ECF Doc. No. 52 ¶¶ 29, 52.

[49] *See Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768–69 (3d Cir. 2000).

[50] ECF Doc. No. 52 ¶¶ 4, 5.

[51] *Id.* ¶ 49.

[52] *Yarris v. Cnty. of Delaware*, 465 F.3d 129, 135 (3d Cir. 2006).

[53] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[54] *Munchinski v. Solomon*, 618 F. App'x 150, 153 (3d Cir. 2015).

[55] *Id.* (quoting *Yarris*, 465 F.3d at 136).

[56] *Yarris*, 465 F.3d at 136.

[57] ECF Doc. No. 13 at 6.

[58] ECF Doc. No. 2 ¶¶ 23–26; ECF Doc. No. 13 ¶¶ 1-3; ECF Doc. No. 20 ¶¶ 8–11.

[59] 42 U.S.C. § 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, … subjects, or causes to be subjected, any citizen …or other person … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

[60] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

[61] ECF Doc. No. 52 ¶¶ 51, 52.

[62] *Kach*, 589 F.3d at 646 (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)).

---

[63] *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020); *Clark v. Vernon*, 228 F. App'x 128, 131 (3d Cir. 2007) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).

[64] *Vaughn*, 813 F. App'x at 833.

[65] *Heyward*, 2020 WL 7640926 at *6–*7 (citing *Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988)).

[66] ECF Doc. No. 52 ¶¶ 9, 53.

[67] *Id.* ¶¶ 10, 38, 42, 44.

[68] *Id.* ¶¶ 11, 38, 42.

[69] *Id.* ¶¶ 12, 38, 42.